**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEAN JAMES SANDERS, | No. 20-35660 |
| Petitioner-Appellant, | D.C. No. 2:17-cv-02001-SB |
| v. | |
| BRAD CAIN, Superintendent Snake River Correctional Inst., | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted June 10, 2021**
Portland, Oregon

Before: WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

Dean James Sanders was charged with various Oregon state-law crimes and

tried in the Lane County Circuit Court. Although the Lane County District Attorney

did not personally try the case, his name appeared on the indictment. The District

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Attorney's son, DG, was in the jury venire, but defense counsel "forgot" to exercise a peremptory strike against him. DG was seated on the jury panel and sat through the prosecution's opening statement and the testimony of one State witness, but on the second day of trial he was replaced by an alternate juror pursuant to a stipulation of the parties.

Sanders was convicted, and his petition for postconviction relief ("PCR") was denied by the Circuit Court. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Sanders v. Nooth*, 283 Or. App. 649, *rev. den.*, 361 Or. 671 (2017). Sanders then filed this 28 U.S.C. § 2254 habeas petition. The district court denied the petition but granted a certificate of appealability on Sanders' claim of ineffective assistance of counsel. We affirm.

1. In denying PCR, the Circuit Court found that even if counsel's failure to strike DG was deficient performance, Sanders suffered no prejudice because there was no evidence that DG "in any way influenced [the] jury." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (defining prejudice as a "reasonable probability" that, but for counsel's ineffectiveness, the result would have been different). The PCR court's decision is the "last reasoned decision" of the Oregon courts, so we "look through" to that decision, *see Wilson v. Sellers*, 138 S. Ct. 1188, 1194–95 (2018), to determine whether it "was contrary to, or involved an unreasonable application of, clearly established Federal law," or was based on "an

2

unreasonable determination of the facts," 28 U.S.C. § 2254(d).

*Strickland* prejudice can exist when, "as a result of trial counsel's failure to exercise peremptory challenges, the jury panel contained at least one juror who was biased." *Davis v. Woodford*, 384 F.3d 628, 643 (9th Cir. 2004). Bias can be implied if a juror and a party have "a relationship in which the potential for substantial emotional involvement, adversely affecting impartiality, is inherent." *Tinsley v. Borg*, 895 F.2d 520, 527–29 (9th Cir. 1990) (cleaned up). "Although the Supreme Court has not explicitly adopted (or rejected) the doctrine of implied bias," we have applied it in § 2254 cases. *See Fields v. Brown*, 503 F.3d 755, 768–69 (9th Cir. 2007); *see also Dyer v. Calderon*, 151 F.3d 970, 982 (9th Cir. 1998). We therefore assume arguendo that DG was a biased juror.

But federal law does not clearly establish that prejudice must be found if, as here, a juror is dismissed before deliberations and there is no evidence of actual bias or an effect on deliberations. *See Fields*, 503 F.3d at 768–70 (stressing that the implied bias doctrine protects impartiality in "deliberations"). The Supreme Court has instead suggested that whether the juror participated in deliberations is the crucial constitutional question. *See United States v. Martinez-Salazar*, 528 U.S. 304, 316 (2000) (denying habeas relief because the biased juror was excused before trial); *see also Parker v. Gladden*, 385 U.S. 363, 365–66 (1966) (per curiam) (granting habeas relief because the trial court bailiff made statements that influenced jurors

3

who participated in deliberations).

DG did not participate in deliberations, nor is there any evidence that he discussed the case with the jury during his brief service. Indeed, he had been expressly instructed not to do so. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions."). The Oregon courts therefore did not unreasonably decline to find a *Strickland* violation.

**AFFIRMED**.